UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **WINFRED CAMPBELL** | : | **CIVIL ACTION NO. 5:17-cv-23** |
| D.O.C. #161377 | | **SECTION P** |
| **VERSES** | : | **JUDGE S. MAURICE HICKS, JR.** |
| **JEREMY M. EVANS, ET AL** | : | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Winfred Campbell ("Campbell"). Campbell is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Louisiana State Penitentiary in Angola, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.
#### BACKGROUND

In 2010, a DeSoto Parish jury found Campbell guilty of second degree murder of his estranged wife, as well as aggravated battery for the shooting of his pregnant stepdaughter. *State v. Campbell*, 70 So. 3d 1024 (La. App. 2 Cir. 7/13/11). On October 14, 2010, he was sentenced in the Forty-Second Judicial District Court to life imprisonment without benefits on the second degree murder conviction and a concurrent ten year hard labor sentence on the aggravated battery conviction. *Id.* Campbell's conviction and sentence were affirmed on direct appeal. *Id.* His application for post-conviction relief was denied by the trial court, the court of appeal, and the Louisiana Supreme Court. *See Campbell v. Cain*, 5:15-cv-2774 (United States District Court, Western District of Louisiana, Shreveport Division),

1

doc. 14, p. 2; doc. 43, p. 1. On March 22, 2016, this court denied his application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254. *Id.* at doc. 48.

In the current matter, Campbell pursues federal civil rights relief as a result of alleged fraud in his criminal case. He seeks "emergency release" and to have the criminal judgment voided. Doc. 1, p. 4.

## II.
### LAW AND ANALYSIS

At the onset, this court is called upon to determine whether to treat plaintiff's pleading as a petition for *habeas corpus* or, as plaintiff advances, a civil rights complaint under 42 U.S.C. § 1983. A civil rights complaint filed pursuant to § 1983 is generally used to attack unconstitutional conditions of confinement or prison policies and procedures while a *habeas* petition used to seek release from custody. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). If a favorable determination would not automatically entitle a prisoner to accelerated release, the proper vehicle is a § 1983 suit. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Based upon a review of the pleadings herein, the court determines that plaintiff's complaint is more properly construed as a petition for writ of *habeas corpus* because he is in state custody, is challenging his continuing imprisonment, and seeks immediate release. Therefore, this matter cannot be maintained under § 1983.

### A. Second or Successive Application

Further, because Campbell has already unsuccessfully challenged his conviction and sentence in an earlier federal *habeas* proceeding, his current complaint is successive. Accordingly, this court does not have jurisdiction to consider it in the light of the fact that Campbell did not obtain prior authorization from the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A), which provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Although § 2244(b) does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Campbell has not received permission from the Fifth Circuit Court of Appeals to file this successive petition as required by statute. Therefore, this court lacks jurisdiction to consider his claims. *See In re Pruett*, 784 F.3d 287, 288–91 (5th Cir. 2015).

### B. Heck v. Humphrey Considerations

Further, Campbell should be advised that to the extent that he would seek monetary damages for his alleged illegal continuing confinement, he has not demonstrated that his imprisonment has been declared invalid or called into question as required by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*.

Claims barred by *Heck* are legally frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996). A federal judgment in Campbell's favor on his claims herein would necessarily imply the

invalidity of his state conviction on the underlying criminal charges. Therefore, *Heck* would bar such claims until such time as Campbell obtains a favorable disposition on the criminal charges.

### III.
### CONCLUSION

The undersigned concludes that the appropriate action for this court to take is to dismiss this action due to Campbell's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals. Accordingly,

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** because the instant petition constitutes a second or successive *habeas* petition within the meaning of 28 U.S.C. § 2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

**IT IS FURTHER RECOMMENDED** that all pending motions, specifically documents 3, 5, 6, 8, 9, and 10, are **DENIED as MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 27th day of June, 2017.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**